UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5512 FMO (JCx) | Date | July 31, 2015 |
|---|---|---|---|
| Title | Stephen Yagman v. Jay Bray, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:**    (In Chambers) Order to Show Cause Re: Dismissal

On July 21, 2015, pro se plaintiff Stephen Yagman ("Yagman"), filed a Complaint against several defendants, including Nationstar Mortgage, relating to defendants' demand for payments under a note and deed of trust Yagman executed in 1994. (See Complaint at ¶¶ 3-8). Although not in compliance with the Local Rules, see Local Rule 23-1 ("The title of any pleading purporting to commence a class action shall include the legend: '(Title of Pleading) Class Action.'"), the Complaint includes class action allegations. (See Complaint at ¶¶ 100-109).

Yagman is appearing pro se, but states that attorney Joseph Reichmann "will file an appearance to be effective only if, when, and as a class may be certified. (Complaint at 1 n. 1). An intent to secure counsel once a class has been certified is not sufficient. Counsel needs to represent the class from the outset. Moreover, the court observes that Yagman is well aware that he may not pursue a class action without an attorney at the outset. See Stephan Yagman v. John Owen Brennen, CV 15-1031, TJH (Ex) Dkt. No. 21 (dismissing case filed by Yagman because attorney had not entered an appearance).

"Although a non-attorney may appear in propria persona on his own behalf, that privilege is personal to him." C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) "He has no authority to appear as an attorney for others than himself." Id.; see also Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."). The prohibition on pro se representation of others extends to class actions. See Grayton v. U.S., 514 Fed.App'x. 645, 646 (9th Cir. 2013) ("Summary judgment on [plaintiff]'s claims on behalf of a putative class was . . . proper because pro se litigants have no authority to represent anyone other them themselves."); Mackenzie v. Hutchens, 2013 WL 8291758, * 1 (C.D. Cal. 2013) ("a pro se litigant who is not an attorney is not qualified to fairly and adequately represent the interests of the members of [a] putative class.").

Based on the foregoing, IT IS ORDERED THAT counsel Joseph Reichmann, or an attorney qualified to prosecute a class action, shall enter an appearance as counsel in this matter no later than **August 7, 2015**. Failure of attorney Reichmann or another attorney qualified to represent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-5512 FMO (JCx)** | Date | **July 31, 2015** |
|---|---|---|---|
| Title | **Stephen Yagman v. Jay Bray, et al.** | | |

a class to make an appearance by August 7, 2015, shall result in the dismissal of the action without prejudice.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |