**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 15-5512 FMO (JCx) | Date | **September 8, 2015** |
| Title | **Stephen Yagman v. Jay Bray, et al.** | | |

| | | |
|---|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Re: Pending Motion

    Having reviewed and considered all the briefing filed with respect to plaintiff's Verified Motion for Declaratory Relief and Preliminary and Permanent Injunctions ("Motion"), the court concludes that oral argument is not necessary to resolve the Motion. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

## BACKGROUND

    Plaintiff Stephen Yagman ("plaintiff" or "Yagman") filed this action on July 21, 2015, against Nationstar Mortgage LLC,[1] Nationstar Mortgage Holdings, Inc., Nationstar Holdings, Nationstar LLC,[2] Nationstar Capital Corporation, (collectively, "Nationstar Defendants"), Jay Bray ("Bray"), Robert Stiles ("Stiles," together with Bray, "Individual Defendants"), and Does 1-20, (collectively, "defendants"), (see Complaint at ¶ 3), asserting claims for (1) fraud; (2) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, et seq.; and (3) extortion.[3] (See id. at ¶¶ 26-99).

    The gist of plaintiff's Complaint is that he executed a deed of trust ("DOT") in 1994 on "property located in Los Angeles County, California: lot 19, block 22, of shoreline beach

---

[1] Erroneously sued as Nationstar Mortgage. (See Nationstar Mortgage LLC, Nationstar Mortgage Holdings, Inc., and Nationstar Capital Corporation's Opposition to Plaintiff Stephen Yagman's Motion for Declaratory Relief and Preliminary and Permanent Injunctions ("Opp'n") at 1.

[2] Although named as defendants, neither Nationstar Holdings nor Nationstar LLC exist. (See Opp'n at 1 n. 2).

[3] The Complaint also included class action allegations. (See Complaint at ¶¶ 100-09). However, since Yagman is appearing pro se and is not an attorney, the court ordered plaintiff to secure counsel in this matter to represent the class. (See Court's Order of July 31, 2015, at 1-2). On August 1, 2015, Yagman dismissed "without prejudice" the class action claims. (See Notice of Dismissal of All Class Action Claims).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5512 FMO (JCx) | Date | September 8, 2015 |
|---|---|---|---|
| Title | Stephen Yagman v. Jay Bray, et al. | | |

subdivision number 2 tract . . . as per map recorded in book 4 page 42 of maps, in the office of the County Recorder of said County[,]" (Complaint at ¶¶ 5-6), otherwise known as 38 28th Avenue, Los Angeles California 90291. (See Opp'n at 3-4). The DOT and note "require that monthly payments be made on the note that is part of the [DOT], presently in the sum of over $2,100.00 per month[,]" (Complaint at ¶ 7), and beginning in approximately June 2013, defendants "have demanded to plaintiff each and every month that the monthly mortgage payments be paid to defendants, thus to date having made 25, separate written demands for such monthly payment, all of which have been made via USPS, which demands will continue until approximately seven additional years." (Id. at ¶ 8). According to Yagman, such conduct is wrongful because "Defendants do not have any legal right to have made or to continue to make these demands for monthly payments on plaintiff because defendants are not the beneficiary of the [DOT] and do not represent any beneficiary of the [DOT]." (Id. at ¶ 8).[4]

Plaintiff "seeks a declaratory judgment that defendants have no legal right to demand payment of or to collect monthly payments from plaintiff[ and] that defendants engage in fraudulent debt collection practices[.]" (Complaint at ¶¶ 200-01). Yagman also seeks an injunction prohibiting such conduct in the future, as well as a preliminary and permanent injunction prohibiting defendants "from demanding monthly payments and . . . accepting monthly payments from plaintiff." (Id. at ¶¶ 201-02).

On August 1, 2015, plaintiff filed the instant Motion seeking declaratory judgment that he "is not required to make payments on the note" and "injunctive relief that defendants not demand payment on the notice." (Motion at 5). The Nationstar Defendants filed their Opposition on August 20, 2015. (See Opp'n). The Individual Defendants have specially appeared and urge the court to deny the Motion as to them based on a lack of personal jurisdiction. (See Specially Appearing Defendants Jay Bray and Robert Stiles's Objection to Plaintiff's Motion for Injunctive Relief Based on Lack of Personal Jurisdiction; Joinder to [Opp'n]).[5] Yagman filed a corrected Reply on August 31, 2015. (Corrected Plaintiff's Reply on Plaintiff's Motion for Declaratory Relief and Preliminary and Permanent Injunctions ("Reply")).

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 65 provides courts with the authority to issue a preliminary injunction. Fed. R. Civ. P. 65(a). The purpose of a preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment on the merits can be rendered. See U.S.

---

[4] The Complaint includes two paragraphs with the number 8.

[5] The Individual Defendants also filed a motion challenging the court's personal jurisdiction over them, which is scheduled to be heard at a later date. (See Specially Appearing Defendants Jay Bray and Robert Stiles's Motion to Dismiss for Failure to State a Claim and Lack of Personal Jurisdiction; Joinder in Dkt. No. 13).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5512 FMO (JCx) | Date | September 8, 2015 |
|---|---|---|---|
| Title | **Stephen Yagman v. Jay Bray, et al.** | | |

Philips Corp. v. KBC Bank N.V., 590 F.3d 1091, 1094 (9th Cir. 2010). "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008); Munaf v. Geren, 553 U.S. 674, 689, 128 S.Ct. 2207, 2219 (2008) ("A preliminary injunction is an extraordinary and drastic remedy.") (internal quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20, 129 S.Ct. at 374.

A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 1867 (1997) (emphasis in original and citation omitted). The moving party bears the burden of meeting all prongs of the Winter test. See Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011); DISH Network Corp. v. FCC, 653 F.3d 771, 776 (9th Cir. 2011), cert. denied 132 S.Ct. 1162 (2012) ("To warrant a preliminary injunction, [plaintiff] must demonstrate that it meets all four of the elements of the preliminary injunction test established in Winter[.]"). The decision of whether to grant or deny a preliminary injunction is a matter of the district court's equitable discretion. See Winter, 555 U.S. at 32, 129 S.Ct. at 381.

**DISCUSSION**

The Ninth Circuit has cautioned that "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. v. Baldridge, 844 F.2d 668, 674 (9th Cir.1988). "Winter tells us that plaintiffs may not obtain a preliminary injunction unless they can show that irreparable harm is likely to result in the absence of the injunction." Cottrell, 632 F.3d at 1135; Winter, 555 U.S. at 20, 129 S.Ct. at 374. A plaintiff seeking injunctive relief must demonstrate that "remedies available at law, such as monetary damages, are inadequate to compensate" for the injury. Herb Reed Enters., LLC v. Fla. Entm't Mgmt., 736 F.3d 1239, 1249 (9th Cir. 2013), cert. denied, 135 S.Ct. 57 (2014).

Despite acknowledging that "a party seeking an injunction must demonstrate that it will be exposed to some significant risk of irreparable injury[,]" (see Motion at 3, quoting Associated Gen. Contractors v. Coalition for Econ. Equity, 950 F.2d 1401, 1410 (9th Cir. 1991)), plaintiff makes no attempt to show any irreparable injury. (See, generally, Motion). Instead, he devotes a considerable portion of his three-page memorandum of points and authorities to the issue of standing. (See id. at 4-5). He contends that he has suffered Article III injury in fact by "having to make the monthly mortgage payment[,]" (id. at 4), and that he "stands to profit in his personal interest of not having to make a monthly mortgage payment of approximately $2,200.00." (Id.). Moreover, Yagman ignored the Nationstar Defendants' argument, (see Opp'n at 13-15), that he made no showing of irreparable injury. (See, generally, Reply). Nor could he as the harm he alleges in the Motion and Complaint – having to make monthly mortgage payments – does not suffice since there is an adequate remedy at law should Yagman prevail on his claims. See Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1202 (9th Cir. 1980)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5512 FMO (JCx) | Date | **September 8, 2015** |
|---|---|---|---|
| Title | **Stephen Yagman v. Jay Bray, et al.** | | |

("[M]onetary injury is not normally considered irreparable."). In short, plaintiff has failed to carry his burden of showing that he will be irreparably harmed by defendants' continued attempts to collect monthly mortgage payments from him.[6]

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

### CONCLUSION

Based on the foregoing, IT IS ORDERED THAT plaintiff's Verified Motion for Declaratory Relief and Preliminary and Permanent Injunctions **(Document No. 11)** is **denied**.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | VDR |

---

[6] Because Yagman has failed to carry his burden of showing a likelihood of irreparable harm, the court need not address the remaining factors necessary for injunctive relief. See DISH Network, 653 F.3d at 776 ("To warrant a preliminary injunction, [plaintiff] must demonstrate that it meets all four of the elements of the preliminary injunction test[.]"). Nor does the court consider plaintiff's request for declaratory relief at this juncture.